**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TICKETMASTER, LLC, a Virginia Company, | No. 11-56285 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02110-PA-JCG |
| v. | MEMORANDUM[*] |
| ILLINOIS UNION INSURANCE COMPANY, an Illinois Company, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted April 11, 2013
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Ticketmaster, LLC (Ticketmaster) appeals the district

court's judgment on the pleadings in favor of Defendant-Appellee Illinois Union

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Insurance Company (Illinois Union). We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's judgment.

Ticketmaster, which sells event tickets online, obtained an Errors and Omissions Liability Insurance Policy (the Policy) from Illinois Union that provided liability coverage arising from the performance or failure to perform its professional services for the period from October 1, 2003 to October 1, 2004. The Policy obligates Illinois Union to defend Ticketmaster against any covered claim. The Policy also contains 28 exclusionary provisions, including Exclusion E, which states that the Policy does not apply to any claim "based on or arising out of . . . any dispute involving fees, expenses or costs paid to or charged by the Insured." On October 21, 2003, certain ticket purchasers filed a putative class action against Ticketmaster in Los Angeles Superior Court (*Schlesinger v. Ticketmaster*, Case No. BC 304565 (*Schlesinger* action)). In the *Schlesinger* action, the class alleged, among other claims, that Ticketmaster made false representations regarding UPS delivery fees and order-processing charges for event tickets. Ticketmaster demanded that Illinois Union defend it in the *Schlesinger* action. When Illinois Union refused, citing Exclusion E, Ticketmaster sued Illinois Union for breach of contract and bad faith. Illinois Union moved for judgment on the pleadings, which the district court granted.

We review de novo a dismissal under Federal Rule of Civil Procedure 12(c). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011). "Under California law, the interpretation of an exclusionary clause is an issue of law upon which the court must make its own independent determination." *Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1079 (9th Cir. 1985).

The district court erred in dismissing Ticketmaster's breach of contract claim by failing to subject Exclusion E to the "closest possible scrutiny." *Haynes v. Farmers Ins. Exch.*, 89 P.3d 381, 391 (Cal. 2004) (citation and quotes omitted). When narrowly construed in favor of Ticketmaster, *MacKinnon v. Truck Insurance Exchange*, 73 P.3d 1205, 1213 (Cal. 2003), Exclusion E is reasonably susceptible to at least two meanings, particularly in light of the Policy's other 27 exclusions, and is thus, ambiguous: (i) Exclusion E may refer narrowly to a dispute regarding the monetary amount paid to or charged by Ticketmaster for uncontested services, or (ii) more generally, Exclusion E may refer to any dispute regarding a fee or charge for professional services, including a dispute regarding the relationship between services provided and the fees charged. *See Palmer v. Truck Ins. Exch.*, 988 P.2d 568, 573 (Cal. 1999). Illinois Union failed to satisfy its burden of showing that (ii), its interpretation of Exclusion E, is the *only* reasonable one.

3

*MacKinnon*, 73 P.3d at 1218. There are at least some allegations in the *Schlesinger* action that do not involve the amount charged for uncontested services. For example, the allegation that Ticketmaster performed no services in exchange for its order-processing charge does not dispute the *amount* charged, but the relationship between any fee at all and the services provided. That dispute, at least, is within interpretation (ii), but not interpretation (i), of Exclusion E.

Whether the district court erred in denying Ticketmaster additional time to develop extrinsic evidence is now moot given that we are reversing and remanding this case for reconsideration of the breach of contract claim and the proper interpretation of Policy Exclusion E. Ticketmaster will necessarily have additional time to develop and present extrinsic evidence on remand. Similarly, Ticketmaster will also be free to relitigate the previously dismissed bad faith claim since there is now a potentially viable breach of contract claim.

Accordingly, the district court's judgment is reversed, and the case is remanded for reinstatement of the complaint and further proceedings.

**REVERSED and REMANDED.**